Michael NARANJO, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–666–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 14, 1988.

Wendell A. Odom, Jr., Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Deborah Mantooth, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for murder. On a plea of not guilty, the jury found Appellant guilty, found that a deadly weapon was used in the commission of the offense and assessed punishment at twenty years confinement in the Texas Department of Corrections. We affirm.

On August 24, 1985, Appellant, age eighteen, and two friends, Garry Cervantes, age sixteen, and Michael Rangel, age fourteen, decided to go to a park and "roll" someone for money. On the way to the park they met seventeen year old Joel Aguirre as he was riding his bicycle. Appellant was also on a bicycle and Cervantes and Rangel were on foot. Aguirre testified that when he arrived Cervantes was carrying an ice pick in his hand and Rangel had a pistol stuck in the waistband of his pants under his shirt. Aguirre testified that it was obvious from the bulge in Rangel's shirt that it was a gun and that the butt of the gun was occasionally visible when Rangel lifted his shirt "for air."

After arriving at the park, Appellant informed the others that there was a "wetback" in the restroom and told Cervantes and Rangel to "go check it out." Aguirre testified that he understood this to mean that Cervantes and Rangel should "roll" him, i.e. rob him. Aguirre stated that

when Appellant said this Cervantes and Rangel immediately went into the restroom and within three minutes he heard the sound of a gunshot from the restroom. Appellant and Aguirre started off on their bikes, Cervantes and Rangel came running from the bathroom, jumped on the bikes and the four rode to Cervantes' house.

Sometime later, Appellant suggested to Aguirre that they return to the park to see what was happening. They returned to the park, entered the restroom, and Aguirre watched Appellant go through the victim's pants pockets and take his wallet. The victim was still alive, lying on the floor moaning with blood pooling around his head. Appellant said nothing to the victim, looked in the wallet, removed the three dollars it contained, and walked away.

Appellant and Aguirre then left to look for Cervantes and Rangel. Appellant told Aguirre he was going to try to find out where Cervantes hid the gun so he could get it. Appellant and Aguirre went to the nearby home of Felix Perez. There, Appellant told Perez and two others that Rangel and Cervantes had "shot him [the victim] for three ——ing dollars." Appellant threw the wallet down next to a tree where it was later recovered by police and identified as the victim's wallet. Robert Torres testified that Cervantes told him he had hidden the gun, that Appellant knew where he had hidden it and that it was missing from its hiding spot. The victim was discovered by police and taken to the hospital where he died of a gunshot wound to the head.

Appellant asserts two points of error. In his first point of error, he contends the trial court erred in overruling his Motion for Instructed Verdict of not guilty. Appellant argues that Joel Aguirre was an accomplice witness and that his testimony was not sufficiently corroborated. He then asserts that the evidence was insufficient to support the conviction under the law of parties.

The trial court did not charge the jury that Aguirre was an accomplice as a matter of law. Instead, the court's charge

required the jury to determine whether he was an accomplice in fact. An accomplice is one who has participated with another before, during or after commission of a crime. *Harris v. State,* 645 S.W.2d 447, 457 (Tex.Crim.App.1983); *Villarreal v. State,* 576 S.W.2d 51, 56 (Tex.Crim.App. 1978), *cert. denied,* 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). One who cannot be prosecuted for the same offense for which the accused is charged is not an accomplice as a matter of law. *Smith v. State,* 721 S.W.2d 844, 851 (Tex.Crim.App. 1986); *Carrillo v. State,* 591 S.W.2d 876, 882 (Tex.Crim.App.1979). A witness is not an accomplice merely because he knew of the offense and concealed it or failed to disclose it. *Smith v. State,* 721 S.W.2d at 851.

■ We find the evidence does not support the contention that Aguirre was an accomplice. Although he was present at the scene of the offense, there is no testimony which indicates that he played any part in the commission of the offense. Rangel rode on Aguirre's bike after the offense was committed; however, this alone does not make Aguirre a "party" to the offense. His involvement at most makes him an accessory after the fact. *See Miguez v. State,* 715 S.W.2d 795, 799 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). An accessory after the fact may not be charged as a party to the principal offense. *Easter v. State,* 536 S.W.2d 223, 228–229 (Tex.Crim.App.1976); *Miguez v. State,* 715 S.W.2d at 799.

■ Even if we found Aguirre to be an accomplice his testimony was sufficiently corroborated. Corroborative testimony need not directly link the accused to the crime or be sufficient to establish guilt. *Carrillo v. State,* 591 S.W.2d at 883. The corroboration need only make the accomplice's testimony more likely than not. *Carrillo v. State,* 591 S.W.2d at 883. The testimony of other witnesses established that Appellant was in possession of the victim's wallet and money shortly after the offense was committed and that he related the facts of the offense to others. This testimony is incriminating, tends to connect Appellant to the commission of the robbery and makes Aguirre's testimony more believable than not. Therefore, Aguirre's testimony may be considered in reviewing the sufficiency of the evidence to support Appellant's conviction.

■ Tex.Penal Code § 7.02 provides: (a) A person is criminally responsible for an offense committed by the conduct of another if:

. . . .

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]

Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974). In determining whether the accused was a party to an offense, the court may examine the events occurring before, during and after the commission of the offense, and may rely on any actions of the accused which show an understanding and common design to commit the offense. *Burdine v. State,* 719 S.W.2d 309, 315 (Tex.Crim.App.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). The evidence is sufficient to support a conviction under the law of parties where the accused is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. *Burdine v. State,* 719 S.W.2d at 315; *Cordova v. State,* 698 S.W. 2d 107, 111 (Tex.Crim.App.1985), *cert. denied,* 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986).

■ Here, Appellant exhibited prior understanding that the aggravated robbery would occur by directing Rangel and Cervantes' attention to the victim and by encouraging them to "go check it out." They previously planned to "roll" someone to obtain money and Appellant was aware that the others were armed. Further, upon learning that Rangel and Cervantes had fled without taking the victim's wallet, he returned to the scene of the offense to retrieve it. He took the money and later discarded the wallet. The intent to aid or

assist in the commission of an offense may be inferred from the defendant's actions. *Romo v. State,* 568 S.W.2d 298, 304 (Tex. Crim.App.1978) (on rehearing). The evidence clearly shows that Appellant aided and encouraged Rangel and Cervantes to commit the aggravated robbery.

■ Tex.Penal Code § 7.02(b) provides that:

If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

Tex.Penal Code Ann. § 7.02(b) (Vernon 1974). An agreement constituting a conspiracy may be inferred from the acts of the parties. Tex.Penal Code Ann. § 15.02(b) (Vernon 1974). The evidence clearly shows an implicit agreement between Appellant, Rangel and Cervantes to rob someone. Further, the evidence shows Appellant acted in the furtherance of this aggravated robbery. The murder was committed by Rangel and Cervantes during the robbery. Therefore, the murder should have been anticipated as a possible result of the robbery. *See Flores v. State,* 681 S.W.2d 94, 96 (Tex.App.—Houston [14th Dist.] 1984), *affirmed,* 690 S.W.2d 281 (Tex. Crim.App.1985). We hold that there was sufficient evidence to sustain Appellant's conviction under the law of parties. Point of error one is overruled.

■ In point of error two, Appellant contends the trial court erred in not granting a mistrial when the State attempted to introduce evidence of extraneous acts of misconduct by Appellant. At the punishment stage of the trial, Mr. Yuen Wong Lew testified that defendant had a bad reputation in the community for being a peaceful and law-abiding citizen. Houston Police Sergeant R.A. Ambruster testified as to Appellant's bad reputation and during cross-examination revealed that his opinion as to Appellant's reputation was based upon a conversation with one person and a review of Appellant's "rap sheet." Outside the presence of the jury, further questioning revealed that the "one" person was Mr. Lew and that the conversation occurred in the context of a robbery investigation wherein Mr. Lew accused Appellant of robbing his store. Appellant then objected to the officer's testimony, the trial court sustained the objection and instructed the jury to disregard all of the officer's testimony. Appellant's "Motion for New Trial" was denied. Although the testimony regarding the robbery investigation was not presented to the jury, Appellant asserts that he was harmed because the jury heard the officer testify that he worked in the robbery division.

■ Error in asking an improper question or in admitting improper testimony may be cured or rendered harmless by an instruction to disregard unless the question is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds. *Guzmon v. State,* 697 S.W.2d 404, 408 (Tex.Crim.App.1985), *cert. denied,* 475 U.S. 1090, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986); *Franklin v. State,* 693 S.W.2d 420, 428 (Tex.Crim.App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). In light of the record as a whole, we find that the officer's testimony did not harm Appellant. We hold that the trial court did not err in denying Appellant's motion for mistrial. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.