TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00603-CR






Lonnie Gaither, Appellant




v.




State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 49,454, HONORABLE RICK MORRIS, JUDGE PRESIDING







 Appellant Lonnie Gaither was charged with beating Doyle Heath to death while
robbing Heath's gunshop. After a jury trial, appellant was convicted of the offense of capital
murder. See Tex. Penal Code Ann. § 19.03(a)(2) (West 1994). The court sentenced appellant
to life imprisonment in the Texas Department of Criminal Justice, Institutional Division. 
Appellant does not challenge the legal or factual sufficiency of the evidence. Appellant raises two
issues attacking the trial court's denial of certain challenges for cause to veniremembers and the
trial court's failure to give appellant's requested instruction on a lesser included offense. We will
affirm the trial court judgment.


Challenges to Veniremembers


Preservation of Error

 The steps necessary to preserve error in the trial court's denial of a challenge for
cause are well established: appellant must demonstrate on the record that he asserted a clear and
specific challenge for cause, that he used a peremptory challenge on the objectionable 
veniremember, that all his peremptory challenges were exhausted, that his request for additional
strikes was denied, and that an objectionable juror sat on the jury. See Cannady v. State, No. 73-011, slip. op. at 4 (Tex. Crim. App. January 5, 2000); Green v. State, 934 S.W.2d 92, 105 (Tex.
Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); Heflin v. State, 640 S.W.2d 58, 60 (Tex.
App.--Austin 1982, pet. ref'd). Appellant must identify the objectionable juror or jurors. See
Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 921 (1993);
Jernigan v. State, 661 S.W.2d 936, 940 n.6 (Tex. Crim. App.), cert. denied, 464 U.S. 986
(1983). A general statement that an objectionable juror might serve is not enough; the defendant
must show that an objectionable juror sat on the jury that convicted him. See Moreno v. State,
587 S.W.2d 405, 408 (Tex. Crim. App. 1979) (defendant's objection that other jurors were left
on the prospective list that are objectionable and upon whom the defense would use a strike if it
had one left held not adequate). When a trial judge errs in overruling a challenge for cause
against a veniremember, the defendant is harmed only if he uses a peremptory strike to remove
the veniremember and then suffers a detriment from the loss of the strike. See Cannady, slip op.
at 5.

 We begin with a discussion of three challenges for cause to veniremembers
Mackey, Brock, and Campbell. After questioning them individually, the court took the issue of
striking the three jurors under advisement. The jury list in the clerk's record and the reporter's
record show none of the three served on the jury. Although the reporter's record contains no
ruling on these challenges, the clerk's record shows notations on the juror cards showing that the
challenges for cause to these three veniremembers were sustained. Appellant's strike list
contained in the clerk's record shows that he did not use any peremptory challenges against any
of these three jurors. There is no error concerning these three jurors.

 Appellant objected to and received a ruling on two other veniremembers, Van
Doren and Snyder. Appellant's strike list shows he used a peremptory challenge on each of these
two prospective jurors. However, the record shows that appellant asked for two more peremptory
strikes immediately after the court's ruling but apparently before using any peremptory strikes. 
He stated generally that objectionable jurors remained in the range of jurors that could be chosen. 
Immediately after calling the jurors who would serve, and before swearing them, the court asked
whether counsel was satisfied with the jury and each side said it was satisfied with the jurors. On
appeal, appellant again makes a general assertion concerning objectionable jurors but does not
identify any specific juror or jurors he was forced to accept. Appellant has not preserved error
on the issue of the trial court's denial of the challenges for cause.


Merits of Challenges for Cause

 Even if appellant had preserved error, we would conclude that the trial court did 
not improperly deny his challenges for cause. In deciding on the propriety of the court's ruling
on challenges for cause during voir dire, the reviewing court keeps in mind that the trial judge had
the opportunity to observe the tone of voice and demeanor of the prospective juror in determining
the precise meaning intended by the juror's responses. See Smith v. State, 683 S.W.2d 393, 401
n.5 (Tex. Crim. App. 1984); Willis v. State, 936 S.W.2d 302, 310 (Tex. App.--Tyler 1996, pet.
ref'd). Absent a clear showing that the trial court abused its discretion, its decision should not
be disturbed on appeal. Willis, 936 S.W.2d at 310. If a juror unequivocally states that he can
follow the law despite any personal prejudices, the trial court abuses its discretion in allowing a
challenge for cause. See Brown v. State, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996); Riley
v. State, 889 S.W.2d 290, 300 (Tex. Crim. App. 1993), cert. denied, 515 U.S. 1137 (1995). 
However, if a juror vacillates or equivocates on the juror's ability to follow the law, the reviewing
court must defer to the trial court's judgment. Brown, 913 S.W.2d at 580; Riley, 889 S.W.2d at
300.

 Appellant's challenge to each of these two veniremembers was based on formation
of an opinion as to guilt. (1) Prospective juror Van Doren stated that she had formed an opinion
about defendant's guilt based on media coverage and on discussions with her husband who had
been called but not selected for one of the other trials. However, she later said that she thought
she could set aside her pre-existing opinion and base her decision on the evidence as presented in
court. She said her opinion was not a prejudice against the defendant. She was somewhat
equivocal in her responses in that she initially said she "thought" she could set aside any pre-existing opinions; however, she later responded that she could decide the case based only on the
evidence heard from the witness stand. An equivocal juror supports the trial court's ruling, either
way, as being within its zone of discretion. The trial court did not abuse its discretion in
overruling the challenge for cause. See Brown, 913 S.W.2d at 580; Riley, 889 S.W.2d at 300.

 Prospective juror Snyder first stated that his opinion on guilt could be influenced
by the fact that a grand jury had indicted appellant. He then said that he would be able to render
a verdict based solely on the evidence heard from the witness stand. In response to the question
whether he could be a "blank table" on which to write, he said he could do that "although I'm not
exactly a blank table. I mean - none of us are." He further said that he would not require the
defendant to testify or bring forth evidence; he understood that under the law the defendant did
not "have to put up a defense." Although his responses were sometimes equivocal, given in terms
of "think" and "believe," he ultimately indicated that he would follow the law. The trial court
did not abuse its discretion in overruling the challenge for cause. See Brown, 913 S.W.2d at 580;
Riley, 889 S.W.2d at 300. Even if appellant preserved this complaint, we overrule the first issue
presented.


Lesser Included Offense



 In his second point of error, appellant contends that the trial court erred in denying
his request for a charge on the lesser included offense of aggravated robbery. Appellant argues
that if he was guilty of any offense, he was guilty only of the offense of aggravated robbery, not
capital murder, and therefore was entitled to such an instruction.

 An offense is a lesser included offense if it is established by proof of the same or
less than all the facts required to establish the commission of the offense charged. Tex. Code
Crim. P. Ann. art. 37.09, § 1 (West 1994). In determining whether a charge on a lesser included
offense is required, we apply a two-prong test: first, the lesser included offense must be included
within the proof necessary to establish the offense charged, and second, some evidence must exist
in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty
only of the lesser offense. See Skinner v. State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997),
cert. denied, 523 U.S. 1079 (1998); Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App.),
cert. denied, 510 U.S. 919 (1993).

 The State agrees that aggravated robbery is a lesser included offense of the offense
charged in this case. However, the State contends that appellant did not meet the second prong
of the test. We agree.

 Appellant's confession was introduced in evidence. Appellant stated that "when
we first planned this [robbery] I was supposed to jump on the old man [Heath] . . . ." Appellant
was supposed to throw bleach in Heath's eyes, but did not. Another part of the confession said
that he had handcuffs in his pocket because the plan was to grab Heath and handcuff him and "set
him on the ground." He said that he did not hit Heath. He was given approximately $140.00
from the gunshop.

 Appellant contends that the statement in his confession that he did not physically
cause Heath's death and the statement that the conspirators had no advance plan to kill Heath show
that he was entitled to a lesser included offense instruction. He contends his statements are
evidence that if he was guilty, he was guilty only of aggravated robbery. However, under the law
of parties:


If, in the attempt to carry out a conspiracy to commit one felony, another felony
is committed by one of the conspirators, all conspirators are guilty of the felony
actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.



Tex. Penal Code Ann. § 7.02 (b) (West 1994). Appellant participated in a robbery during the
course of which Heath was killed. It is not necessary that he had the intent to kill Heath, that is,
the intent to commit the collateral offense. See English v. State, 592 S.W.2d 949, 954-55 (Tex.
Crim. App. 1980), cert. denied, 499 U.S. 891 (1980); Gutierrez v. State, 681 S.W.2d 698, 702
(Tex. App.--Houston [14th Dist.] 1984, pet. ref'd). There was a plan to use some kind of violence
against Heath, either by restraining him or injuring him (bleach in eyes). It was foreseeable that
Heath could be killed during the course of carrying out the unlawful purpose of robbing the
gunshop. That appellant claims he personally did not wield the lethal weapon does not absolve
him of guilt as a party. See Naranjo v. State, 745 S.W.2d 430, 434 (Tex. App.--Houston [14th
Dist.] 1988, no pet.) (murder of victim should have been anticipated as result of conspiracy to
commit aggravated robbery; appellant did not shoot or stab victim but evidence sufficient to
convict under law of parties). The record contains no evidence that if appellant was guilty, he was
guilty only of the lesser offense. He was therefore not entitled to such a charge and the trial court
did not err in refusing to give that charge. We overrule issue two.


Conclusion


 We have overruled appellant's issue one, concerning his challenges for cause to
certain veniremembers. We have also overruled issue two, concerning his request for an
instruction on a lesser included offense. Accordingly, we affirm the judgment of conviction and
sentence.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 23, 2000

Do Not Publish

1. This case apparently received fairly extensive pre-trial publicity. It is not clear from the
record exactly how many others were charged with this crime but at least one of appellant's co-defendants had already been tried.


, he was guilty only of the offense of aggravated robbery, not
capital murder, and therefore was entitled to such an instruction.

 An offense is a lesser included offense if it is established by proof of the same or
less than all the facts required to establish the commission of the offense charged. Tex. Code
Crim. P. Ann. art. 37.