Duane Edward HISER, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–91–00045–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 7, 1992.

Steve Hebert, Baytown, for appellant.

Michael R. Little, Anahuac, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted of murder and sentenced to ninety-nine years in prison. Appellant complains on appeal in one point of error that the trial court erred in admitting statements made by appellant after he had requested an attorney. We affirm the judgment of the trial court.

The investigation into the murder of Carolyn Hann began in 1985. Appellant was questioned about the murder in the beginning of the investigation. It was not until three years later on March 28, 1988, that appellant became the focus of the investigation. Appellant and his wife were brought to the Anahuac Sheriff's department by officers Pope and Sarge. They were both questioned about the death of Carolyn Hann. After one hour of interrogation appellant requested the assistance of counsel. Both parties agree that at that time appellant clearly invoked his right to counsel.

Appellant found himself again in custody on April 14, 1988 for outstanding traffic warrants. Officers Pope and Sarge again began to question appellant about the murder of Carolyn Hann. Appellant was given the proper *Miranda* warnings, and then invoked his right to counsel. The officers terminated the interview the moment appellant mentioned a lawyer. He requested an opportunity to go home and talk to his wife. Appellant was released from custody and taken back to his home. Surveillance of appellant's residence was performed by the Chambers County Sheriff's Department. The next morning, April 15, 1988, appellant was supposedly heading for the Chambers County District Attorney's Office as the officers maintained their surveillance. He appeared to be heading the wrong way and the officers proceeded to flag him down to ask where he was going. He told the officers he was on the way to the District Attorney's office but wasn't sure where it was located. The officers suggested that they escort him to the building. He agreed and appellant and his wife followed the surveillance car to the Chambers County DA's office.

Upon arrival at the Sheriff's department on April 15, Magistrate's warnings were given to appellant by Chambers County Justice of the Peace Guillory. Appellant did not indicate in any way that he wanted an attorney or that he wanted to exercise any of his rights. After these warnings were read to appellant, Officer Pope and Assistant DA Georgia Clapper read appellant his *Miranda* warnings again. Appellant said that he understood the warnings. He then waived all rights and stated that he did not want to remain silent. Appellant then admitted to the DA that he was there to talk about the murder of Carolyn Hann which he committed.

Appellant's admission was reduced to writing and typed on a confession form. The *Miranda* warnings were also contained on the form. The warnings were read to appellant, and appellant read each warning himself out loud. Appellant initialed each warning before and after he read it. He initialed the warnings after he read them to acknowledge that he understood the right and wished to waive it. Appellant read the typed statement and was allowed to make corrections. He initialed both the corrections and the completed statement so that no one could add or delete anything. Officers Larry Sarge and Susan Hollomon witnessed the statement. A catch all phrase was included in the body of the statement indicating that appellant understood all of his rights and voluntarily waived the rights without coercion. The phrase also specifically explained that appellant did not want to consult with a lawyer.

After the confession was given appellant told the officers that he wanted to show them the scene of the crime. An audio taped confession was taken at the crime scene. Appellant was given another set of *Miranda* warnings before the audio confession was made. Once back at the Sheriff's Department, appellant gave a video taped statement confessing to the crime. *Miranda* warnings were again given to appellant on the tape before the confession was once again memorialized. These warnings included the information that appellant had a right to an attorney, and appellant specifically explained that he did not wish to invoke that right. Testimony was presented by Assist. DA Clapper that she made it clear to appellant that she was not his lawyer.

A hearing was held by the trial judge to determine the admissibility at trial of the written, audio and video confessions. The trial court made findings of fact and conclusions of law regarding the statements. The standard of review of a trial court's ruling on a motion to suppress evidence is whether the trial court clearly abused its discretion. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985); *Rodda v. State,* 745 S.W.2d 415, 420 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). The trial judge is the sole finder of fact at the hearing and the judge may choose to believe or disbelieve any or all of the witnesses testimony. *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim.App.1980). *Id.*

The appellant has the burden in this case of demonstrating clear abuse of discretion on the part of the trial judge in denying the motion to suppress. Appellant has not met this burden. The trial judge was the sole trier of fact at the hearing on this motion and could chose to believe or disbelieve the testimony of any or all of the witnesses. Based on this standard no abuse of discretion has been shown. At the hearing the trial judge heard testimony from the arresting and investigating officers, Pope and Sarge. The officers testified that appellant was given *Miranda* warnings prior to every encounter. They testified that during the initial encounters when appellant requested the assistance of counsel the interrogation was terminated immediately. Officers Pope and Sarge and the other witnesses verified the voluntariness of the confessions. Appellant was asked to sign a waiver before all of the recorded confessions. He was asked if he understood this waiver after it was read to him. Assistant District Attorney Clapper read appellant his rights and was present during his confessions. The court specifically found that the warnings were given each time in accordance with the law, and that appellant freely and voluntarily waived his rights.

The court made specific findings to the effect that Ranger Taylor, Chief Dodd, Officers Pope and Sarge and A.D.A. Clapper did nothing to lead the defendant to believe that Ms. Clapper was his attorney. The court also stated specifically that the officers did not promise the defendant his release if he would return to Chambers County and give a statement on April 14 or 15. The court also explained that the defendant was not under arrest on April 15, 1988 when all three confessions were given and when he came to the Chambers County Law Enforcement Center. These findings are within the sole discretion of the trial judge as the sole finder of fact in a motion to suppress hearing. Appellant has failed to demonstrate that the trial court abused its discretion in making this determination. The judge could believe or disbelieve each witness in deciding the facts underlying the motion to suppress.

Since no abuse of discretion has been shown there is no reversible error in the trial court's denial of the motion to suppress. Appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.