**John Troy HAMMOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–01139–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 13, 1997.

Bernadette JohnLewis, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

John Troy Hammond appeals his conviction by a jury for capital murder. The trial court assessed his punishment at life imprisonment pursuant to section 1, article 37.071, Texas Code of Criminal Procedure. In five points of error, appellant claims: (1) the evidence was legally insufficient to sustain his conviction; (2) the trial court made an improper comment on his failure to testify; (3) the trial court erred in failing to instruct the jury on several defensive issues; (4) the trial court erred in admitting his confession into evidence; (5) he received ineffective assistance of counsel. We affirm.

On June 27, 1993, at about 1:00 a.m., appellant and Joshua Sanchez met the victim, Barton Crosby Sholl, in an elementary school yard to buy guns and/or drugs. Appellant and Sanchez both shot the victim with their respective handguns inflicting four wounds, two of which proved fatal. Appellant and Sanchez then fled. Detectives from the Harris County Sheriff's Department investigated the murder and determined that appellant and Sanchez were suspects. The detectives obtained an arrest and search warrant and arrested appellant at his residence after a search disclosed a nine millimeter IntroTech Luger pistol, several .45 caliber rounds of ammunition, a telephone "beeper," keys to the victim's Nissan pickup truck, an Alpine frequency processor and a precision power amplifier. The officers read appellant his

706 ■

rights warnings at his residence and took him to the sheriff's department for further questioning. Appellant agreed to give the officers a statement whereupon appellant was advised of his rights under article 38.22, section 2(a), Texas Code of Criminal Procedure. Appellant's written confession was then read back to appellant and videotaped by the officers. In his confession, appellant stated he and Sanchez met the victim to "rip him off" and appellant shot the victim with a "nine." Appellant further stated in his confession that the victim fell to the ground after appellant shot him and "was hollering and Josh shot him two times with the .45 auto." The medical examiner recovered a .45 bullet from a nonfatal wound in the victim and testified he could not determine the type gun used that caused the fatal neck and back wounds because the bullets passed through the victim's body. Three empty .45 auto cartridge casings were found at the crime scene but no nine millimeter casings were found. No nine millimeter or .45 auto bullets were found other than the one .45 auto bullet recovered from the victim's body.

In point of error one, appellant contends the evidence is legally insufficient to sustain his conviction on any of the three theories of criminal responsibility for the murder submitted to the jury in the application paragraph of the jury charge. Appellant argues (1) his confession was not corroborated; (2) the accomplice testimony of Josh Sanchez was not corroborated; (3) the state produced no independent evidence of *corpus deliciti* other than the confession. We disagree.

■ In this case, the application paragraphs of the jury charge authorized conviction of appellant on three theories of capital murder: (1) appellant as the primary actor in the robbery and murder of the victim; (2) appellant as a party to the offense with Josh Sanchez being the primary actor; (3) appellant as a coconspirator with Josh Sanchez in Sanchez's commission of the robbery and causing the death of the victim in furtherance of the conspiracy. The theories were submitted in the alternative authorizing the jury to convict if they found appellant guilty as a principal, or as a party, or as a coconspirator. After being so charged, the jury returned a

general verdict finding appellant guilty of capital murder. The principle is well-established that when the jury returns a general verdict and the evidence is sufficient to support a guilty finding under any of the allegations submitted, the verdict will be upheld. *Rabbani v. State*, 847 S.W.2d 555, 558 (Tex. Crim.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1993). In reviewing the sufficiency of the evidence, this court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* We apply that standard of review to each theory of the offense as submitted to the jury through the court's charge. *Id.* Proof beyond a reasonable doubt that appellant actually fired the fatal shot is not necessary for a capital murder conviction where the jury is charged on the law of parties. *Id.*

Appellant argues that the independent evidence shows the victim's death was not caused by his nine millimeter gun because the medical examiner could not state that either of the fatal wounds were caused by a nine millimeter bullet. Appellant further contends the evidence showed only three .45 cartridge cases were found at the scene and no nine millimeter cases were found. Appellant further argues there is no evidence to show appellant intended to rob the victim and the state has failed to prove *corpus delicti* of both the murder and robbery by evidence independent of his confession. Appellant cites *Emery v. State*, 881 S.W.2d 702 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995), as authority for the requirement of independent evidence of *corpus delicti*.

■ *Corpus delicti* means "harm brought about by the criminal conduct of some person." *Gribble v. State*, 808 S.W.2d 65, 70 (Tex.Crim.App.1990), *cert. denied*, 501 U.S. 1232, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). The *corpus delicti* of both murder and the underlying robbery must be shown by evidence independent of the confession. *Emery*, 881 S.W.2d at 705. The independent evidence need not connect the defendant to the crime; it need only show that a crime

was committed. *Id.* In addition, such evidence need not be sufficient by itself to prove the offense; it need only be "some evidence which renders the *corpus delicti* more probable than it would be without the evidence." *Id.*

In this case, the medical examiner proved the identity of the body and that death was caused by two fatal bullet wounds, one through the back and one through the neck. The caliber of the bullets that killed the victim was not determined because the bullets passed through the victim and were not recovered. This is sufficient evidence to prove the corpus delicti of the murder by proving the identity of the deceased and that death resulted from a criminal act. *Emery,* 881 S.W.2d at 705. When the police searched appellant's house they found a telephone pager ("beeper"), keys to the victim's truck, an Alpine frequency processor, and a precision amplifier that belonged to the victim. In his confession, appellant stated he intended to "rip off" the victim. Appellant's confession, together with the independent evidence of appellant's possession of stolen property of the victim, plus the evidence that the victim's death was caused by a criminal act, support the jury's finding that the murder was committed in the course of a robbery. *Id. See also Gibbs v. State,* 819 S.W.2d 821, 835 (Tex.Crim.App.1991), *cert. denied,* 502 U.S. 1107, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992).

Appellant further argues the evidence was insufficient to support his conviction because the accomplice witness testimony of Josh Sanchez was not corroborated. Sanchez did not testify at the trial but several witnesses testified as to statements and actions by Sanchez. Witness Stephen Moody testified he was a friend of the victim and knew Sanchez. Moody stated Sanchez appeared nervous when he arrived at a party on the night of the murder. Moody stated that Sanchez asked him if he knew where the victim was. Later that night, Sanchez talked to Moody on the telephone and told him the location for the meeting with the victim. Moody told Sanchez to wait, hung up the telephone, and told the victim to call Sanchez about the meeting. Denny Elmer and Shawn Schaeffer were also at the party the night of the murder and testified that Sanchez asked them the whereabouts of the victim. Deputy Marcel Dionne testified that Sanchez took him to the murder scene and told him where appellant stood with respect to the victim when they shot him. Sanchez came over to appellant's house on Sunday, June 27, 1993 [after the murder earlier that day] with a stereo amplifier and asked Trey Eviage to help Sanchez hook it up to his car. Other witnesses testified Sanchez had been at appellant's house on Saturday, June 26, 1993, and watched a movie.

Appellant cites *Bingham v. State,* 915 S.W.2d 9 (Tex.Crim.App.1994), as authority for his claim that the out-of-court declarations of Sanchez, repeated in court under an exception to the hearsay rule, may be "testimony of an accomplice" subject to the corroboration requirement of article 38.14, Texas Code of Criminal Procedure. On rehearing, in *Bingham,* the court of criminal appeals reversed itself and held the accomplice "testimony" that must be corroborated is evidence given by competent witnesses under oath or affirmation, as distinguished from evidence derived from writings, and other sources, and does not include evidence of out-of-court statements of an accomplice. *Bingham v. State,* 913 S.W.2d 208, 210 (Tex.Crim.App.1995) (opinion on reh'g). Therefore, the testimony of the witnesses as to Sanchez's out-of-court statements and actions is not required to be corroborated as accomplice testimony under article 38.14, Texas Code of Criminal Procedure. *Bingham,* 913 S.W.2d at 210.

We have found appellant's confession was sufficiently corroborated to support a finding by a rational jury of guilt as a primary actor. His confession that he shot the victim and intended to "rip him off" is supported by independent evidence of (1) the identity of the deceased and the cause of death by bullet wounds and, (2) discovery of the stolen property of the victim at appellant's house by the police officers. *See Soffar v. State,* 742 S.W.2d 371, 376 (Tex.Crim. App.1987), *cert. denied,* 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 206 (1989) (written confession plus circumstantial independent

evidence of murder and robbery sufficient to sustain capital murder conviction).

Appellant further contends the evidence is insufficient to prove his guilt as a party or coconspirator because the accomplice testimony was not corroborated. As stated in this opinion, *Bingham*, 913 S.W.2d at 210, does not require Sanchez's out-of-court declarations and actions to be corroborated as accomplice "testimony" under article 38.14, Texas Code of Criminal Procedure. In his confession, appellant stated he shot the victim with a "nine" and the victim fell to the ground "hollering." Appellant stated that he and Josh were together to "rip off" the victim. Appellant stated Josh shot the victim twice with a ".45 auto." A .45 caliber bullet was found in the victim and the medical examiner testified the bullet caused a nonfatal wound. .45 caliber cartridge cases were found at the scene. .45 caliber bullets were found at appellant's residence along with property belonging to the victim. Testimony of several witnesses indicated Sanchez was looking for the victim on the night of the murder and appeared nervous. Sanchez came to appellant's house on June 26, 1993, before the murder on June 27, 1993, at about 1:00 a.m., and again on the morning of June 27, 1993, after the murder. Sanchez was seen driving the victim's pickup truck. Sanchez asked Troy Eviage to help him install a precision power amplifier; appellant testified the precision power amplifier was taken from the victim by Sanchez. The evidence clearly shows: (1) appellant was with Josh Sanchez at the time of the murder and robbery; (2) appellant and Josh Sanchez agreed to "rip him off" at some time prior to the murder; (3) appellant shot the victim once with his "nine"; (4) Sanchez fired at least two shots into the victim; (5) both Sanchez and appellant had property of the victim in their possession after the murder. "Evidence is sufficient to convict under the law of parties where the defendant is physically present at the commission of the offense and encourages its commission by words or other agreement." *Ransom v. State*, 920 S.W.2d 288, 302 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 117 S.Ct. 587, 136 L.Ed.2d 516 (1996). "In determining whether the accused participated as a party, the court may look to events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Id.* Circumstantial evidence may be used to prove party status. *Id.* The jury charge authorized conviction of the appellant if they found he was a party or coconspirator to the murder and robbery of the victim by Josh Sanchez pursuant to section 7.02, Texas Penal Code. The evidence is sufficient to find that appellant acted with the intent to assist the commission of the offense of robbery (both were at the scene to "rip off" the victim) and murder (both shot the victim), and appellant conspired with Sanchez to rob the victim, who was murdered by both of them while attempting to carry out the conspiracy to rob the victim. We find the evidence is sufficient to sustain the conviction under all three theories of liability submitted to the jury as alternative theories of culpability for the robbery and murder of Barton Sholl. We overrule appellant's point of error one.

Appellant further claims the state "abandoned" the party theory of liability because they asked the trial court to remove the "accomplice" instruction, which was done by the trial court. We find nothing in the record to demonstrate that the state intended to "abandon" the party or coconspirator theories of liability and appellant's assertions in his appellate brief are unsupported by the record and will not be accepted as fact. *Ex parte Preston*, 833 S.W.2d 515, 519 (Tex. Crim.App.1992). This contention is overruled.

In point of error two, appellant claims the trial court improperly commented on appellant's failure to testify. The record shows the trial judge discussed appellant's Fifth Amendment right to not testify generally with members of the jury panel during voir dire. The appellant did testify at the trial. Thus, the harm, if any, caused appellant by the conduct of the trial judge was rendered moot. *Adams v. State*, 577 S.W.2d 717, 728 (Tex.Crim.App.1979). Appellant's point of error two is overruled.

In point of error three, appellant complains of five jury charge errors: (1) failure to include an accomplice-witness charge; (2) the charge was not explicit enough as to what constitutes complicity as a party or coconspirator; (3) the charge fails to include instructions on the lesser included offenses of murder and aggravated assault; (4) the charge fails to include "mere presence" instructions in connection with an accomplice-witness instruction; (5) the charge fails to include an instruction on corroboration of appellant's confession.

 Appellant did not object to the charge as submitted by the trial court and has not demonstrated any actual egregious harm. Appellant must show that the errors are so egregious and created such harm that he has not had a fair and impartial trial—in short, "egregious harm." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Appellant does not meet his burden on this multifarious point of error. Specifically, the failure to include an accomplice witness charge was not error because, as we have stated in this opinion, Sanchez's out-of-court declarations are not "testimony" subject to the accomplice witness rule of article 38.14, Texas Code of Criminal Procedure. *Bingham,* 913 S.W.2d at 210. If appellant wanted a more explicit charge on conspiracy and law of the parties, he must request it and absent and objection or request for an "explicit" charge, the charge in the present case was sufficient and no fundamental error is shown. *Ransom,* 920 S.W.2d at 303. As appellant made no request for the instruction on the lesser included offense, we do not consider it on appeal. *Kelley v. State,* 845 S.W.2d 474, 479 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Appellant contends that an instruction that "mere presence" alone will not constitute one a party of an offense. The jury charge *does* contain such an instruction. Appellant argues that Sanchez was an accomplice as a matter of law and the accomplice-witness instruction requiring corroboration should have been included; we have stated above that Sanchez' out-of-court declarations do not require corroboration. The confession corroboration was supplied by evidence of *corpus delicti,* as stated in this opinion, and a failure to instruct the jury that appellant's confession had to be corroborated is not error. *Honea v. State,* 585 S.W.2d 681, 687 (Tex.Crim.App.1979). Appellant's point of error three is overruled.

 In point of error four, appellant contends the videotaped confession was not admissible because the record does not show that statutory warnings were given by the police prior to videotaping appellant reading his written confession as required by article 38.22, section 3(a). Appellant cites *Hiser v. State,* 830 S.W.2d 338 (Tex.App.—Houston [14th Dist.] 1992, no writ) as authority. The videotaped confession was not made a part of the record in this appeal and we have nothing to review. *Garcia v. State,* 901 S.W.2d 724, 729 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd). Appellant has waived any error in this regard by failing to present a complete record. Tex.R.App.P. 50(d); *Id.* Appellant also contends the written confession was inadmissible because appellant was not taken before a magistrate pursuant to article 15.17, Texas Code of Criminal Procedure. A hearing on a motion to suppress was conducted and this issue was not raised by appellant at the hearing. Absent a causal connection between the failure to take an accused before a magistrate and the accused's confession, however, the validity of a confession is not affected for failure to comply with the statute. *Boyd v. State,* 811 S.W.2d 105, 124–25 (Tex.Crim.App.1991), *cert. denied,* 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991). A failure to take a defendant before a magistrate without delay will not invalidate a confession which was voluntarily given after a defendant received his *Miranda* rights. *Id.* The record shows appellant was admonished of his *Miranda* rights prior to giving his confessions. Appellant's point of error four is overruled.

In point of error five, appellant contends his trial counsel was ineffective because: (1) he failed to request the jury charge instructions as stated in this opinion; (2) he failed to challenge the arrest and search warrant; (3) he failed to challenge the videotaped evidence of the appellant's confession; (4) he failed to file discovery motions; (5) he failed

to advise appellant not to take the stand and testify.

A defendant in a criminal case is entitled to reasonably effective assistance of counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex.Crim. App.1980). Texas follows the federal standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that standard, a defendant must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Essentially, appellant must show that: (1) counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is defined as probability sufficient to undermine confidence in the outcome. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App.1992), *cert. denied*, 506 U.S. 885, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992).

Judicial scrutiny of counsel's performance must be highly deferential. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. An ineffectiveness claim cannot be demonstrated by isolating one portion of counsel's representation. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Crim.App.1992), *cert. denied*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Therefore, in determining whether the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland*, 466 U.S. at 670, 104 S.Ct. at 2056. The defendant must prove ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim. App.1984).

■■■■ None of the alleged jury charge errors discussed in this opinion are errors. The record reveals trial counsel was chief prosecutor for the Harris County District Attorney's office for six and one-half years and has been practicing law since 1974. The record reveals active participation in all aspects of the trial. The failure to object to or request the jury charges appellant now thinks should have been included could well have been trial strategy. Likewise the failure to file the numerous pretrial motions appellant now suggests should have been filed could have been trial strategy. The evidence of appellant's guilt is very strong and to make unnecessary motions, objections, and requested jury charges would have been useless and could have a negative impact on the jury. An appellate court will not use hindsight to second guess a tactical decision made by trial counsel, which does not fall below the objective standard of reasonableness. *Solis v. State*, 792 S.W.2d 95, 100 (Tex.Crim.App.1990). "The mere filing of pre-trial motions, for the sake of appearance, does not in and of itself aid in the defense of an accused." *Yuhl v. State*, 784 S.W.2d 714, 717 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). The decision to testify or not belongs to the appellant. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Counsel cannot be ineffective for failing to advise him to not testify when he wishes to testify. The record does not contain the affidavit supporting the arrest and search warrant and the record does not contain the videotaped confession. As respects the videotaped confession and search warrant as instances of ineffective assistance, we have nothing to review. "The allegations of ineffective representation will be sustained only if they are firmly founded." *Harrison v. State*, 552 S.W.2d 151, 152 (Tex. Crim.App.1977). Appellant has failed to prove ineffective assistance of counsel by a preponderance of the evidence. *Cannon*, 668 S.W.2d at 403. We overrule appellant's point of error five and affirm the judgment of the trial court.