COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-393-CR
  
  
RAJENDRA 
KUMAR VERMA A/K/A                                          APPELLANT
RAJENDRA 
K. VERMA
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Claiming 
ineffective assistance of counsel, Appellant Rajendra Kumar Verma appeals his 
conviction for criminal solicitation of a minor. Because Appellant’s 
complaints are unsupported by the record, we will affirm the trial court’s 
judgment.
        Appellant 
met C.S., a sixteen-year-old girl, in an Internet chat room. Their chats became 
sexual in nature. Rachel S., C.S.’s aunt, discovered that C.S. had been 
engaging in the chats and began posing as the girl online. Appellant engaged in 
several sexually explicit conversations with Rachel despite the fact that she 
claimed to be sixteen years old. In addition, a meeting between Appellant and 
C.S. was arranged. Rachel archived and printed the chats and contacted the Fort 
Worth police. On January 23, 2003, when Appellant arrived at the meeting 
location, he was met by the police and arrested.
        Appellant 
was charged in a one-count indictment with the offense of criminal solicitation 
of a minor. A jury found Appellant guilty and assessed punishment of four 
years’ confinement and a $5,000 fine. On appeal, Appellant contends in three 
points that he was denied effective assistance of counsel. Specifically, 
Appellant argues that his trial counsel's performance was deficient as follows:
 
        (1)    failing 
to move to suppress the fruits of the searches of Appellant’s business, 
residence and vehicle;
        (2)    failing 
to make the search warrants and supporting affidavit part of the appellate 
record; and
        (3)    failing 
to preserve voir dire error.
 
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, Appellant must 
show that his counsel’s performance was deficient; second, Appellant must show 
the deficient performance prejudiced his defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. “[C]ounsel is strongly presumed to have rendered adequate 
assistance and made all significant decisions in the exercise of reasonable 
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 
2066. The second prong requires a showing that counsel’s errors were so 
serious that they deprived the defendant of a fair trial, that is, a trial whose 
result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
Appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. An allegation of ineffective assistance must be 
firmly founded in the record, and the record must affirmatively demonstrate the 
alleged ineffectiveness. Thompson, 9 S.W.3d at 814.
        In 
his first two points, Appellant claims ineffective assistance based on trial 
counsel’s failures to move for suppression of evidence and to make the search 
warrants and supporting affidavit part of the appellate record. Failure to file 
a motion to suppress does not demonstrate a deficiency of counsel per se. Hammond 
v. State, 942 S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no 
pet.). To show that counsel’s performance was deficient under Strickland, 
Appellant was obliged to prove that a motion to suppress would have been 
granted. See Roberson v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 
1993) (holding that without a showing that a pretrial motion had merit and that 
a ruling on the motion would have changed the outcome of the case, counsel is 
not ineffective for failing to assert the motion).
        Nevertheless, 
Appellant merely asserts that if the trial court had granted a motion to 
suppress, the jury would have had less evidence to tie him to the crime. To 
prevail on a motion to suppress, Appellant would have had to produce evidence 
that defeated the presumption of proper police conduct. See Jackson v. State, 
973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Appellant does not point us to any 
such evidence in the record.
        According 
to Appellant’s second point, the failure to develop an adequate record is 
another example of trial counsel’s alleged ineffectiveness. But this does not 
excuse Appellant’s duty to show that his allegations of ineffective assistance 
are firmly founded in the record. See Thompson, 9 S.W.3d at 814.[2]  Without record evidence to the contrary, we must 
presume that counsel “rendered adequate assistance and made all significant 
decisions in the exercise of reasonable professional judgment.” Strickland, 
466 U.S. at 690, 104 S. Ct. at 2066. Because nothing in the record indicates 
that a motion to suppress would have been successful, we overrule Appellant’s 
first two points.
        In 
his third point, Appellant claims ineffective assistance based on trial 
counsel’s failure to preserve voir dire error. Counsel stated at trial that 
there were “other jurors” he wanted to strike but could not because he had 
exhausted his peremptory strikes, but he did not request additional strikes or 
identify the “other jurors” he found objectionable. See Martinez v. State, 
17 S.W.3d 677, 682 (Tex. Crim. App. 2000) (explaining preservation of error in 
trial court’s denial of juror challenges).
        Even 
assuming that failure to preserve voir dire error fails the first Strickland 
prong, Appellant has not demonstrated a reasonable probability that, but for 
counsel’s failure to request additional peremptory strikes, the outcome of the 
proceeding would have been different. See Strickland, 466 U.S. at 694, 
104 S. Ct. at 2068. Appellant does not identify any objectionable venire person 
who actually sat on the jury. Instead, Appellant merely claims that if trial 
counsel had not erred, the makeup of the jury would have been different, and “perhaps 
a different verdict reached.” [Emphasis added.] Therefore, we cannot 
conclude that any failure to request additional peremptory strikes prejudiced 
Appellant’s defense. See McFarland v. State, 928 S.W.2d 482, 504 
(Tex. Crim. App. 1996), cert. denied, 519 U.S. 1119 (1997) (holding that 
appellant did not show harm from counsel’s failure to request additional 
peremptory strikes because appellant did not name an objectionable juror that he 
was forced to accept on the jury); Munoz v. State, 24 S.W.3d 427, 434 
(Tex. App.—Corpus Christi 2000, no pet.) (holding that failure to preserve 
voir dire error did not prejudice the defense when appellant did not claim that 
an objectionable venire person actually sat on the jury). Without a showing of 
harm, Appellant cannot satisfy the second Strickland prong. See 
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. We overrule Appellant’s 
third point.
        Having 
overruled all Appellant’s points on appeal, we affirm the trial court’s 
judgment.
 
  
                                                          BOB 
MCCOY
                                                          JUSTICE
  
  
PANEL 
F:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 12, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In a case such as this involving counsel’s alleged errors of omission outside 
the trial record, rather than errors of commission revealed in the record, 
collateral attack such as application for writ of habeas corpus may be the 
vehicle by which a record may be developed that contains a thorough examination 
of the alleged ineffectiveness. Thompson, 9 S.W.3d at 814.