Rajendra Kumar Verma a/k/a Rajendra K. Verma

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 
2-03-393-CR

RAJENDRA KUMAR VERMA A/K/A APPELLANT

RAJENDRA K. VERMA

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Claiming ineffective assistance of counsel, Appellant Rajendra Kumar Verma appeals his conviction for criminal solicitation of a minor.  Because Appellant’s complaints are unsupported by the record, we will affirm the trial court’s judgment.

Appellant met C.S., a sixteen-year-old girl, in an Internet chat room.  Their chats became sexual in nature.  Rachel S., C.S.’s aunt, discovered that C.S. had been engaging in the chats and began posing as the girl online.  Appellant engaged in several sexually explicit conversations with Rachel despite the fact that she claimed to be sixteen years old.  In addition, a meeting between Appellant and C.S. was arranged.  Rachel archived and printed the chats and contacted the Fort Worth police.  On January 23, 2003, when Appellant arrived at the meeting location, he was met by the police and arrested. 

Appellant was charged in a one-count indictment with the offense of criminal solicitation of a minor.  A jury found Appellant guilty and assessed punishment of four years’ confinement and a $5,000 fine.  On appeal, Appellant contends in three points that he was denied effective assistance of counsel.  Specifically, Appellant argues that his trial counsel's performance was deficient as follows:

failing to move to suppress the fruits of the searches of Appellant’s business, residence and vehicle;

failing to make the search warrants and supporting affidavit part of the appellate record; and

failing to preserve voir dire error.

We apply a two-pronged test to ineffective assistance of counsel claims. 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that
 his 
counsel’s performance was deficient; second, Appellant must show the deficient performance prejudiced his defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland
, 466 U.S. 
at 690, 104 S. Ct. at 2066.  The second prong requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable. 
 
Id.
 at 687, 104 S. Ct. at 2064.  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068. 
 
An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.

In his first two points, Appellant claims ineffective assistance based on trial counsel’s failures to move for suppression of evidence and to make the search warrants and supporting affidavit part of the appellate record.  Failure to file a motion to suppress does not demonstrate a deficiency of counsel per se.  
Hammond v. State
, 942 S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  To show that counsel’s performance was deficient under 
Strickland
, Appellant was obliged to prove that a motion to suppress would have been granted.  
See Roberson v. State
, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (holding that without a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel is not ineffective for failing to assert the motion).  

Nevertheless, Appellant merely asserts that 
if
 the trial court had granted a motion to suppress, the jury would have had less evidence to tie him to the crime.
  
To prevail on a motion to suppress, Appellant would have had to produce evidence that defeated the presumption of proper police conduct.  
See Jackson v. State
, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  Appellant does not point us to any such evidence in the record.

According to Appellant’s second point, the failure to develop an adequate record is another example of trial counsel’s alleged ineffectiveness.  But this does not excuse Appellant’s duty to show that his allegations of ineffective assistance are firmly founded in the record. 
 
See Thompson
, 9 S.W.3d at 814.
(footnote: 2) Without record evidence to the contrary, we must presume that counsel “rendered adequate assistance and made all
 significant decisions in the exercise of reasonable professional judgment.”  
Strickland
,
 466 U.S.
 at 690, 104 S. Ct. at 2066.
  
Because nothing in the record indicates that a motion to suppress  would have been successful, we overrule Appellant’s first two points.

In his third point, Appellant claims ineffective assistance based on trial counsel’s failure to preserve voir dire error.  Counsel stated at trial that there were “other jurors” he wanted to strike but could not because he had exhausted his peremptory strikes, but he did not request additional strikes or identify the “other jurors” he found objectionable.  
See Martinez v. State
, 17 S.W.3d 677, 682 (Tex. Crim. App. 2000) (explaining preservation of error in trial court’s denial of juror challenges).  

Even assuming that failure to preserve voir dire error fails the first 
Strickland
 prong, Appellant has not demonstrated a reasonable probability that, but for counsel’s failure to request additional peremptory strikes, the outcome of the proceeding would have been different.  
See Strickland
, 466 U.S. at 694, 104 S. Ct. at 2068.  Appellant does not identify any objectionable venire person who actually sat on the jury.  Instead, Appellant merely claims that if trial counsel had not erred, the makeup of the jury would have been different, and “
perhaps 
a different verdict reached.” [Emphasis added.]  Therefore, we cannot conclude that any failure to request additional peremptory strikes prejudiced Appellant’s defense.  
See
 
McFarland v. State
, 928 S.W.2d 482, 504 (Tex. Crim. App. 1996), 
cert. denied
, 519 U.S. 1119 (1997) (holding that appellant did not show harm from counsel’s failure to request additional peremptory strikes because appellant did not name an objectionable juror that he was forced to accept on the jury); 
Munoz v. State
, 24 S.W.3d 427, 434 (Tex. App.—Corpus Christi 2000, no pet.) (holding that failure to preserve voir dire error did not prejudice the defense when appellant did not claim that an objectionable venire person actually sat on the jury)
.  Without a showing of harm, Appellant cannot satisfy the second 
Strickland
 prong. 
 
See Strickland
, 466 U.S. at 694, 104 S. Ct. at 2068.  We overrule Appellant’s third point.

Having overruled all Appellant’s points on appeal, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED
: August 12, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
In a case such as this involving counsel’s alleged errors of omission outside the trial record, rather than errors of commission revealed in the record, collateral attack such as application for writ of habeas corpus may be the vehicle by which a record may be developed that contains a thorough examination of the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.