**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00053-CR, 01-15-00054-CR**

————————————

**DAMIAN SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1410122, 1410123**

## MEMORANDUM OPINION

Damian Scott pleaded guilty to felony possession of a weapon and evading arrest. He was sentenced to six years' confinement for felony possession of a weapon[1] and four years' for evading arrest.[2] In his single issue, Scott claims he

---

[1]    TEX. PENAL CODE ANN. § 46.04(a) (West 2011).

received ineffective assistance of counsel because his attorney did not file a motion to suppress his statement to the police that he had a "crack pipe" in his jacket pocket. We affirm.

## Background

One night, while patrolling a "high crime" area, two police officers observed Scott commit three separate bicycle-related traffic violations: first, he was riding his bicycle without a headlamp at night; second, he was "swerv[ing] back and forth in the lanes"; and third, he did not make the required hand signal when turning. After seeing these violations, the officers stopped Scott.

One of the officers testified that he asked Scott his name, identification, and "if [he had] anything illegal on [him], primarily any kind of narcotics or any kind of weapons. At which point, [Scott] advised [the officer] . . . that he had a crack pipe on him, which is illegal. . . . He said it was in his jacket pocket in the front." The officer then searched Scott's jacket pocket and found the crack pipe.

"At that point," the police tried to arrest Scott. When the first officer attempted to handcuff Scott's hands behind his back, the second officer "observed a gun" and asked Scott, "What's this?" The first officer "looked over his shoulder" to see what the second officer was asking about, and Scott "took off running." After "a brief chase," the police caught Scott and arrested him.

---

[2]    TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2015).

Following Scott's arrest, Scott's counsel filed a motion to suppress the crack pipe and gun, arguing that Scott was "detained and arrested . . . without a warrant and contrary to chapter 14 of the Texas Code of Criminal Procedure. The fruits of this arrest and detention [the gun and crack pipe] and subsequent evading arrest on foot charge should be suppressed . . . ." This motion did not attempt to suppress Scott's statement that he had a crack pipe in his pocket. The trial court denied the motion. Scott pleaded guilty to both charges.

## Ineffective Assistance of Counsel

Scott argues that he received ineffective assistance of counsel because his attorney failed to file a motion to suppress his statement to the police that he had a crack pipe. He contends in his brief that: "The officers' show of authority, in addition to [] asking appellant if he 'had a crack pipe on him,' constituted an investigative detention requiring the officers apprise him of his rights under the Fourth Amendment prior to questioning him . . . . Failure to attempt to suppress the statement was deficient on its face and undermines confidence in the outcome of the proceeding."

The State responds that the statement "was not the product of custodial interrogation" and thus, the police were not required to give Scott *Miranda* warnings. "Moreover, [Scott] filed a Motion to Suppress the 'fruits of [his] arrest and detention.'"

3

## A. Standard of review

To be entitled to a new trial based on a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) the deficient performance prejudiced the defendant: there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984) and *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)).

The defendant "bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson*, 9 S.W.3d at 813. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.* (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)). We "will not use hindsight to second guess a tactical decision made by trial counsel, which does not fall below the objective standard of reasonableness." *Hammond v. State*, 942 S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The defendant must satisfy its burden to show that, under the circumstances, the challenged action could not be

considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 812. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson*, 9 S.W.3d at 813–14.

**B.     Failure to file a motion to suppress**

"[A]n attorney's failure to file a motion to suppress evidence does not demonstrate a deficient performance by counsel per se." *Cotton v. State*, No. 01-14-00444-CR, 2015 WL 6933719, at *2 (Tex. App.—Houston [1st Dist.] Nov. 10, 2015, no pet. h.). Counsel "may decide not to file pretrial motions as part of his or her trial strategy" or may decide not to pursue certain motions "because rulings on the motions may not have assisted with the defense." *Hudson v. State*, 128 S.W.3d 367, 381 (Tex. App.—Texarkana 2004, no pet.).

In general, even if some circumstances "reasonably raise questions as to the wisdom of and rationale for certain trial preparation and trial strategy decisions," the trial attorney "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). An attorney may fail to file a motion to suppress as part of a larger trial strategy, because the motion may not be legally correct, or because it is not strictly necessary because the attorney may make a contemporaneous objection at trial. Thus, because that failure does not establish

5

deficiency per se, counsel should be afforded an opportunity to explain the strategy implemented and address why certain arguments were omitted from a motion to suppress. *See Collins v. State*, No. 01-00-00309-CR, 2001 WL 722844, at *1 (Tex. App.—Houston [1st Dist.] June 28, 2001, pet. ref'd) (holding that, because "the record is silent as to the reasons trial counsel" failed to file motion to suppress, defendant "has not rebutted the presumption trial counsel made all significant decisions in the exercise of reasonable professional judgment").

This case is one of the "majority of instances" in which the "record on appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson*, 9 S.W.3d at 813–814. "The record in the case at bar is silent" as to why Scott's trial counsel did not raise the arguments Scott now believes should have been advanced. *Id.* at 814. Scott did not provide an affidavit from his attorney or file a motion for a new trial with supporting evidence explaining the reasoning behind the attorney's strategy in not arguing to suppress the statement about the crack pipe. Because the record does not provide Scott's attorney's rationale for failing to pursue the strategy Scott suggests on appeal, and because this failure does not demonstrate a deficiency of counsel per se, to hold that Scott received ineffective assistance "would call for speculation, which we will not do." *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

Scott's trial counsel filed a motion to suppress certain evidence, set the motion for a hearing, and questioned two police officers as well as Scott himself to support the argument that the challenged evidence should be suppressed. Rather than argue, like Scott suggests in this appeal, that the statement that Scott had a crack pipe in his pocket was obtained without a *Miranda* warning, Scott's trial counsel pursued the strategy of arguing that the crack pipe and gun should be suppressed because they were fruits of an illegal detention. Either strategy, though not mutually exclusive, would have been effective in Scott's defense, if successful. Scott presented no evidence of his counsel's rationale for pursuing one strategy over the other. This record does not overcome the presumption that counsel used sound trial strategy.

Accordingly, we overrule Scott's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

7